# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER E. MICKALOVSKI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT AND COLLECTION, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-00681<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

**NOW COMES** Jennifer E. Mickalovski ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all other similarly situated, complaining as to the conduct of Nationwide Credit and Collection, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant business contacts in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant's principle office is located at 815 Commerce Drive, Suite 270, Oak Brook, Illinois 60523.

6. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to Defendant's unlawful conduct, Plaintiff received a series of medical services from DuPage Medical Group ("DuPage").

8. Due to unforeseen circumstances, Plaintiff fell behind on her scheduled payments to DuPage, thus incurring debt ("subject debt"), resulting in default.

9. Subsequently thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt, while Plaintiff was in default.

10. On August 22, 2018, Defendant mailed or caused to be mailed a collection letter to Plaintiff's home, through U.S. Mail, attempting to collect upon the subject debt. *See* Exhibit A, a true and correct copy of the August 22, 2018 collection letter.

11. On the first page of Defendant's August 22, 2018, collection letter, it reflected an "Amount Due" of $1,026.44 under "Record ID" 406728.

12. On the second page of Defendant's August 22, 2018, collection letter, it reflected a "Total Amount Due" of $981.38 under the same "Record ID" 406728.

13. The different amounts on the collection letter confused Plaintiff, as she did not know what amount Defendant was attempting to collect on.

14. Again, on January 11, 2019, Defendant mailed or caused to be mailed another collection letter to Plaintiff's home, through U.S. Mail, attempting to collect upon the subject debt. *See* Exhibit B, a true and correct copy of the January 11, 2019 collection letter.

15. Similarly, on the first page of Defendant's January 11, 2019 collection letter, it reflected an "Amount Due" of $1,489.06 under "Record ID" 406728. On the second page of Defendant's January 11, 2019 collection letter, it reflected a "Total Amount Due" of $1,183.91 under the same "Record ID" 406728.

16. The amounts in Defendant's collection letters confused Plaintiff. Plaintiff did not know which was the right amount for the subject debt or if she owed four different amounts.

17. In addition, Defendant's misleading collection letters shows an increase on the "Amount Due" on the subject from the first page to the second page attempting to lead Plaintiff into believing Defendant has the right to increase the subject debt when it has no such right.

18. Defendant used such misleading conduct in order to confuse Plaintiff into believing she owed four different balances on the subject debt or that it had a right to increase amount of the subject debt.

19. Upon information and belief, Defendant systemically sends collection letters to consumers in the format mentioned above in order to confuse and mislead the most unsophisticated consumers.

20. Defendant's collection letter was deceiving, mislead, and unconscionable.

**DAMAGES**

21. Defendant's unfair conduct has severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unconscionable and misleading conduct.

23. Defendant's unfair conduct has caused Plaintiff actual harm, including but not limited to, emotional distress and anxiety.

**CLASS ACTION ALLEGATIONS**

24. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons within the State of Illinois who received at least one collection letter during the one year preceding the filing of this action through the date of class certification from Defendant that contained language and tactics substantially similar as the collection letters attached hereto as Exhibit A and Exhibit B.

25. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

27. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these collection letter communications are the primary collection method employed by Defendant and are based on a common course of conduct by Defendant.

28. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending collection letters to Class members using two different amounts on the same collection letter; (ii) whether Defendant had the lawful ability to change the costs on a debt previously charged off by the original creditor; (iii) whether Defendant was contractually allowed to collect on two different amounts represented in its collection letters; (iv) whether Defendant intended to add additional fees as represented in its collection letters; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED
AGAINST DEFENDANT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

37. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

38. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

39. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f, through its unlawful debt collection practices.

    a. **Violations of the FDCPA § 1692e**

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

42. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) when it deceptively illustrated to Plaintiff on the first page of the first collection letter that she owes $1,026.41 on the subject debt then on the second page illustrating she owes $981.38. The second collection letter illustrated that

6

Plaintiff owes $1,489.06 on the subject debt then illustrating to her that she owes $1,183.91on the second page of the collection letter.

43. Upon information and belief, the original amount due for the subject debt totals to at most $800.00. Consequently, Defendant misrepresented the character and amount of the subject debt by presenting a greater amount on the first page of the collection letter, or attempting to confuse and deceive Plaintiff in thinking that she owes four different balances on the same account. Defendant used this tactic in order to dragoon Plaintiff to make a higher payment on the subject debt. Defendant is intentionally attempting to confuse and worry Plaintiff by subsequently changing the Amount Due for the subject debt.

      b. **Violations of FDCPA § 1692f**

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated § 1692f when it unfairly and unconscionably attempted to confuse and worry Plaintiff by subsequently changing the Amount Due for the subject debt. Defendant used such unfair conduct in order to deceptive Plaintiff into believing that Defendant had the right to increase the Amount Due on the subject debt, or that Plaintiff owed four different amounts on the subject debt.

46. Defendant used such unfair conduct in order to induce Plaintiff to make a payment on the subject debt.

47. As plead above, Plaintiff was severely harmed by Defendant's unfair conduct.

**WHEREFORE**, Plaintiff, JENNIFER E. MICKALOVSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

f. Enjoining Defendant from sending further this collection letter to Plaintiff and the class representatives; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 1, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Marwan R. Daher
　　　　　　　　　　　　　　　　　　　　/s/ Omar T. Sulaiman
　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd
　　　　　　　　　　　　　　　　　　　　2500 S Highland Ave, Suite 200
　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　mdaher@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　osulaiman@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*